IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN DASHNER, ET AL., <br><br> vs. <br><br> JOSEPH EDWARD RIEDY, ET AL. | Civil Action No.  99-CV-2124 |

**DEFENDANTS' MOTION FOR RETURN OF EVIDENCE TO POLICE CUSTODY,  AN ACCOUNTING OF EVIDENCE WHILE OUT OF POLICE CUSTODY AND PRECLUSION OF ANY TESTING AND/OR REPORTS GENERATED BY EXPERTS WHO TOOK POSSESSION OF THE EVIDENCE AFTER ITS REMOVAL FROM POLICE CUSTODY**

Defendants City of Bethlehem, individual Bethlehem Police Officers and Mayor Kenneth Smith (hereinafter "Police Defendants") hereby move this Court for the return of all physical evidence to the Pennsylvania State Police, an accounting of the evidence while out of Police custody, and that any testimony regarding testing and/or reports generated by experts who took possession of the evidence after its removal from police custody without notice to Defendants be precluded from evidence at the time of trial, and as grounds therefor, Police Defendants rely on the accompanying Memorandum of Law.

_____
STEPHEN LEDVA, JR., ESQUIRE
SUSAN R. ENGLE, ESQUIRE
MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS
1528 Walnut Street, 22nd Floor
Philadelphia, PA 19102
(215) 735-7200
ATTORNEYS FOR POLICE DEFENDANTS

DATED:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN DASHNER, ET AL., <br><br> vs. <br><br> JOSEPH EDWARD RIEDY, ET AL. | Civil Action No. 99-CV-2124 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RETURN OF EVIDENCE TO POLICE CUSTODY, AN ACCOUNTING OF EVIDENCE WHILE OUT OF POLICE CUSTODY, AND PRECLUSION OF ANY TESTING AND/OR REPORTS GENERATED BY EXPERTS WHO TOOK POSSESSION OF THE EVIDENCE AFTER ITS REMOVAL FROM POLICE CUSTODY**

On May 19, 2003, defense counsel advised Plaintiffs that an inspection of the physical evidence in this matter would take place at the Pennsylvania State Police Bethlehem Barracks on June 4, 2003 at 10:00 a.m. Upon arriving at the police barracks, defense counsel was advised that several items of evidence had been removed the day before by John Karoly, counsel for Plaintiffs in this matter. The removal of this evidence was pursuant to a Court Order, issued by the Northampton County Court of Common Pleas under the caption of Kristin Fodi's criminal case, long since terminated. Defense counsel in this matter never received notice of the filing of this Motion. Further, defense counsel was not advised that Plaintiffs intended to remove this evidence from police custody.

Notably, a letter was faxed to defense counsel on June 3, 2003 at 4:59 p.m. regarding the inspection. (Defense counsel did not receive this letter until after the inspection took place.) In the June 3, 2003 letter, Attorney Karoly made no mention of his removal of physical evidence from police custody; he merely notes that he had no objection to the physical viewing of the evidence still remaining at the police barracks.

On the afternoon of June 4, 2003, defense counsel telephoned Karoly's office to request an immediate inspection of the evidence removed from police custody. Defense counsel was advised that Attorney Karoly was unavailable, and that no one else in the office was able to discuss this matter with counsel. Accordingly, defense counsel was denied access to the evidence.

On the morning of June 5, 2003, Attorney Karoly advised that he sent Hirko's handgun and the bullets to the hand gun (both removed from police custody with no prior notice to Defendants) to an unidentified expert for testing. This turn of events is ironic, given Attorney Karoly's strong objection to any testing of the physical evidence in his June 3, 2003 letter, where he writes:

> Because this is merely an "inspection" (i.e. "looking at") of what still remains at the Bethlehem Barracks, I do not see how this can prejudice my client. Nonetheless, I must caution you that at no time will you or your "experts" be permitted to test, alter, sample or remove any of the items still in State Police custody. Should this be attempted under the guise of "an inspection" I will immediately move for the most serious sanctions possible.

In short, it is acceptable to Plaintiffs' counsel that an inspection and/or testing of the evidence in this case be done with no notice to the other side, but opposing counsel is threatened with the "most serious sanctions possible" if testing is attempted when all parties are present.

This evidence has been in police custody for more than six years; during that time, Plaintiffs have had no need for this evidence. Further, the motion submitted to the state court by Plaintiffs was filed and granted on the same date, followed by the retrieval of evidence on the same date. Defense counsel respectfully submits that it is no coincidence that the ballistics and drug evidence was removed from police custody the day before defense counsel was to conduct an inspection of said evidence. Further, exactly what Defendants anticipated with respect to this evidence has occurred; Hirko's handgun has been sent to Plaintiffs' expert with no opportunity for Defendants' to examine

the gun.

The items removed from police custody are physical evidence in the instant case. Defendants respectfully request that Plaintiffs be ordered to return this evidence to the state police immediately, where both parties will have equal access to the evidence. Further, Defendants request that Plaintiffs be required to file with the Court an accounting of what has happened to the evidence since its removal from police custody. Defendants also request that any testimony regarding testing and/or reports generated by experts who took possession of the evidence after its removal from police custody without notice to Defendants be precluded from evidence at the time of trial.

                                                MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS


BY:_____
     STEPHEN LEDVA, JR., ESQUIRE
     SUSAN R. ENGLE, ESQUIRE
     Attorneys for Police Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN DASHNER, ET AL. | Civil Action No. 99-CV-2124 |
| vs. | |
| JOSEPH EDWARD RIEDY, ET AL. | |

**ORDER**

AND NOW, this _____ day of _____, 2003 it is hereby ORDERED and DECREED that Defendants' Motion is GRANTED.  Plaintiffs are directed to return all evidence taken on June 3, 2003 to the Bethlehem State Police Barracks.  Plaintiffs are further ordered to submit to this Court an accounting of precisely how the evidence at issue was handled during the time it was not in police custody.  Finally, any testimony regarding testing and/or reports generated by experts who took possession of the evidence after its removal from police custody without notice to Defendants be precluded from evidence at the time of trial

_____
Gardner, J.